ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Mar-03 15:12:09
60CV-25-2315
C06D12 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

DEBRA CLARK                                                      PLAINTIFF

VS.                       CASE NO. _____

TRADER JOE'S EAST INC.                                           DEFENDANT
a/k/a TRADER JOE'S #756

Jury Trial Demanded

## COMPLAINT

COMES NOW the Plaintiff, Debra Clark, Pro Se and for her Complaint against the Defendant(s), states as follows:

### I. PARTIES AND JURISDICTION

1.  The Plaintiff, Debra Clark, (hereinafter referred to as "Plaintiff"), is, and at all times relevant to this action is a resident of Pulaski County, Arkansas.

2.  Defendant, Trader Joe's East Inc. a/k/a Trader Joe's store #756, (hereinafter referred to as "Defendant") is a Foreign For-Profit Corporation with its principal address at 11450 Financial Center Pky., Little Rock, Arkansas 7211. It is registered to do business in the State of Arkansas. Its registered agent for service of process is Paracorp Incorporated, 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

3.  The acts and events giving rise to this action occurred at a Trader Joe's store #756 located at 11500 Financial Centre Parkway, Little Rock, Pulaski County, Arkansas 72211.

4.  This Court has jurisdiction over the parties and subject matter of this claim for personal injuries predicated on negligence pursuant to Arkansas Code Annotated §16-13-201.

EXHIBIT A

5.      Venue is proper in this Court based on the location of the accident giving rise to the Plaintiff's cause of action pursuant to Ark. Code Ann. § 16-60-112.

## II. FACTS

6.      The preceding paragraphs are hereby adopted and incorporated by reference.

7.      That on or about September 15, 2023, the Plaintiff traveled to Trader Joe's store #756 located at 11500 Financial Centre Parkway, Little Rock, Pulaski County, Arkansas 72211 ("the premises").

8.      At all times relevant hereto, Plaintiff was on Defendant's said business premises lawfully, and rightfully, as a business invitee.

9.      At all times relevant hereto, Defendant controlled, maintained, operated, and possessed the afore-mentioned business premises.

10.     Plaintiff entered the store to purchase items for her personal use.

11.     As Plaintiff was walking through the premises near the flowers, fruits and vegetables, Plaintiff began to slip upon a foreign slippery substance that, unbeknownst to her was on the floor. Plaintiff felt herself slipping, her legs split apart. She caught herself with the shopping cart. She saw an employee, working a few steps away from where the Plaintiff's accident was occurring. Plaintiff asked the employee to help her regain her balance and she did. The employee's name is Nicole and a manager at Trader Joe's at the time of Plaintiff's accident.

12.     Plaintiff made a handwritten report of her accident before exiting Trader Joe's. Nicole (a manager) signed and accepted the handwritten report of accident from the Plaintiff.

13.     Upon information and belief, the defect and/or dangerous condition was caused as a result of Defendants' failure to supervise, repair, clean, and/or maintain the premises in a reasonably safe manner.

14. By reason of the negligence of the Defendants stated herein, Plaintiff required treatment by medical physicians, and other health service providers, and has been required to incur expenses for medical care and treatment.

15. By reason of negligence of Defendant stated herein, Plaintiff suffered pain and suffering as a result of her injuries described herein.

16. As a direct and proximate result of her injuries, Plaintiff suffered damages as set forth herein.

### III. CAUSE OF ACTION

*Negligence – Trader Joe's*

17. The preceding paragraphs are hereby adopted and incorporated by reference.

18. Trader Joe's is a business entity providing services in Arkansas, and availing itself of the rights, privileges, duties, and responsibilities of conducting said business.

19. Trader Joe's, as well as its employees, has a duty to exercise ordinary care to maintain its premises in reasonably safe condition for the benefits of its invitees.

20. Trader Joe's has a duty to develop policies and procedures for the purpose of ensuring its premises are maintained, by employees, in a reasonably safe condition for the benefit of its customers.

21. Trader Joe's, as well as its employees, has a duty to comply with all laws and governing regulations concerning its premises.

22. Defendant knew or should have known that failing to remove the slippery substance would cause an unreasonably dangerous condition.

23. Defendant knew or should have known that business invitees (including Plaintiff) would walk through the slippery area at issue while utilizing the premises, and that the invitees would not be aware of the extent of the slippery condition and customers would walk through that area as they entered, or left, the area.

3

24. Defendant owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm. The Defendant breached this duty to Plaintiff.

25. Defendant, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to keep the floor free from hazards in the area where it is reasonable to assume customers have to traverse. The breach created an unsafe condition for business invitees such as Plaintiff. In the alternative, Defendant, or its authorized agents, employees, or representative, breached their duty to Plaintiff by allowing a slippery substance to remain, causing an unsafe condition, for such an amount of time that Defendants knew or should have known of its presence, and failed to remove or address the dangerous condition.

26. Defendant breached its duty to use ordinary care to inspect and maintain the premises in a reasonably safe condition for Plaintiff, who was a business invitee to which Defendant owed the highest degree of care.

27. Defendant carelessly and negligently failed to warn its business invitees, and more particularly the Plaintiff, of the presence of slippery substances on the floor in the premises controlled, maintained, and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff of the slippery substances would result in injury and damages.

28. Defendant carelessly and negligently failed to mark the floor to protect the business invitees and patrons, and more particularly the Plaintiff, from the presence of the slippery substances on the floor in the premises controlled, maintained, and operated by it, and knew or reasonably should have known that failure to mark the area would result in injury and damages to the Plaintiff.

29. As a direct and proximate result of Defendants' acts, or failure to act, as set forth herein, Plaintiff suffered damages as stated in Prayer for Relief.

## IV. INJURIES AND COMPENSATORY DAMAGES

30. The preceding paragraphs are hereby adopted and incorporated by reference.

31. As a result of the slip, Plaintiff was seriously and permanently injured.

32. Plaintiff sustained personal injuries that required medical services, CT scans, surgery, use of medical devices, injections, and subsequent care, which is continuing in nature.

33. Plaintiff is entitled to the following measures of damage:

    (a) The nature, extent, duration, and permanency of her injuries;

    (b) The full extent of the injuries she sustained, including those resulting from aggravation of any pre-existing conditions;

    (c) The expense of her medical care, medical devices, treatment, and services received, including transportation, board and lodging expenses and those expenses that will be required in the future;

    (d) All pain, suffering and mental anguish experienced in the past, currently and reasonably certain to be experienced in the future;

    (e) Loss of income;

    (f) Loss of future income;

    (g) Loss of the enjoyment of life, past, current, and future;

    (h) The visible results from surgery due to her injuries.

34. The injuries and damages described herein have been suffered in the past and are expected to continue in the future.

35.  Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

## V. DEMAND FOR JURY TRIAL

36.  Pursuant to Arkansas Rule of Civil Procedure 38, PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

## VI. DEMAND AND PRAYER FOR RELIEF

37.  Plaintiff, Debra Clark, demands judgment against Defendant, Trader Joe's East Inc., a/k/a Trader Joe's #756, for an amount well in excess $75,000.00.

WHEREFORE, Plaintiff, Debra Clark, Pro Se, respectfully requests that this Court grant her judgment against Defendant, Trader Joe's East Inc., a/k/a Trader Joe's #756, for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

Respectfully Submitted,

Debra Clark
Pro Se
106 Tenkiller Drive
Sherwood, Arkansas 72120
Telephone Number: 404.759.9668
Email: chefclarks@gmail.com

**Certificate of Acknowledgment**

State of Arkansas

County of Pulaski

On this the 3rd day of March, 2025 before me, Craig C Gerard, the undersigned notary, personally appeared <u>Debra Clark</u> known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Signature of Notary Public

CRAIG C. GERARD
No. 12368019
PULASKI COUNTY
Commission Expires 10-11-2028

[Seal of Office]

My commission expires: 10/11/2028